UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY J. LEWIS, JR., | ) | CASE NO.: 1:23-cv-1627 |
| Petitioner, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| WARDEN KENNETH BLACK, | ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) | |

On April 22, 2026, Magistrate Judge Amanda M. Knapp issued a Report and Recommendation ("R&R") recommending that this Court dismiss the petition for writ of habeas corpus filed by *pro se* petitioner Gregory J. Lewis, Jr. ("Lewis") pursuant to 28 U.S.C. § 2254. (Doc. 21.) Lewis filed an "Objection" to the R&R, which the Court accepted as timely. (Doc. 23; Non-Document Order dated May 20, 2026.) Respondent Warden Kenneth Black ("Respondent") opposed the objections. (Doc. 24.) For the reasons stated herein, Lewis' objections to the R&R are OVERRULED, the R&R is ACCEPTED and ADOPTED in its entirety, and the petition is DISMISSED.

## I. BACKGROUND

The Court accepts the magistrate judge's summary of the relevant facts as if fully rewritten herein but nonetheless sets forth the most pertinent facts below. (*See* Doc. 21 at 647-51; Doc. 13-1.)[1]

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

On July 23, 2018, Lewis pleaded guilty to two counts of gross sexual imposition as amended in Counts 1 and 4 and two counts of abduction of abduction as amended in Counts 2 and 5. (Doc. 21 at 647; Doc. 13-1 at 271-72.) Count 3 was nolled. (*Id.*) On August 22, 2018, he was sentenced to five years in prison with five years of post-release control.[2] (*Id.*)

Lewis waited until August 18, 2022, to file a *pro se* motion to pursue a direct appeal of his 2018 convictions. (Doc. 21 at 648; Doc. 13-1 at 277-89.) Four days after filing his request, so on August 22, 2022, the Eighth District Court of Appeals dismissed the appeal *sua sponte* because Lewis had not filed necessary documents to do so, namely a notice of appeal. (Doc. 21 at 648; Doc. 13-1 at 314.) No appeal was taken from this *sua sponte* dismissal. (*Id.*)

Also in August 2022, Lewis moved *pro se* for leave to request trial documents relating to the 2018 convictions. (Doc. 21 at 648-49; Doc. 13-1 at 316-17.) The motion was opposed and then denied on August 24, 2022. (Doc. 21 at 649; Doc. 13-1 at 319-23.) No appeal was taken from this decision. (*Id.*)

On March 1, 2023, Lewis filed notice of appeal and second motion for leave to file a delayed appeal of the 2018 convictions. (Doc. 21 at 649; Doc. 13-1 at 379-427.) The State opposed. (Doc. 21 at 649; Doc. 13-1 at 429-32.) On March 22, 2023, the Eighth District Court of Appeals denied the motion for a delayed appeal and dismissed the appeal. (Doc. 21 at 649; Doc. 13-1 at 434-36.) Lewis asserts he timely filed a notice of appeal. (Doc. 21 at 649; Doc. 13-1 at 438-60; Doc. 1 at 5.) The Supreme Court of Ohio's July 28, 2023 letter, attached to the Petition as Exhibit A, reflects otherwise:

> [Y]our appeal is untimely. Pursuant to Rule 7.01(A)(1), your notice appeal and memorandum in support of jurisdiction are due within 45 days from the date of

---

[2] In a later-filed action, Lewis pleaded guilty to rape. (Doc. 21 at 648; Doc. 13-1 at 274.) He was sentenced to an eight-year term of incarceration to be served concurrent with the 2018 convictions. (*Id.*)

> the court of appeals' judgment being appealed. An appeal of a March 22, 2023 decision was due in the clerk's office on or before May 8, 2023. Your documents were received on July 27, 2023.

(Doc. 21 at 649; Doc. 1-3 at 47.) Thus, Lewis did not timely appeal the Eighth District Court of Appeals' decision.

Two months later, on May 1, 2023, Lewis moved *pro se* to vacate or set aside the judgment of conviction or sentence of his 2018 convictions. (Doc. 21 at 649-50; Doc. 13-1 at 464-73.) In it, he raised the failure to present constitutional challenges along with the ineffectiveness of trial counsel. (*Id.*) The State opposed the filing as untimely, and Lewis replied. (Doc. 21 at 650; Doc. 13-1 at 484-507.) On May 22, 2023, the petition was denied. (Doc. 21 at 650; Doc. 13-1 at 509.)

Here, Lewis raises 15 grounds for relief, all of which relate to his 2018 convictions.

> GROUND ONE: Wrongfully Denied; Criminal R. 32.1; An withdraw of Petitioners Guilty Plea, Pursuant to, Threats, Intimidation, Force and Coercion.
>
> GROUND TWO: Jurisdictional Violation's, of Crossing State-Line, Transmitting Jurisdictional Documents Illegally and more.
>
> GROUND THREE: Terrorism. Terrorism – Threat, Thereby this Cuyahoga County Prosecutor, and Judge thus Aid-ed [sic] by Defense Attorney.
>
> GROUND FOUR: Ineffective Assistance of Counsel, Against the Common Pleas Court and Defense Attorney.
>
> GROUND FIVE: Wrongful Denial of Exculpatory, Evidence, Motion and Request
>
> GROUND SIX: Wrongful Alluding to the Acceptance, Then the Denial of Delayed Appeal.
>
> GROUND SEVEN: Wrongful Tactic Due Process Delays.
>
> GROUND EIGHT: Conspiracy to Circumvent Rights.
>
> GROUND NINE: View Point, and, Racial Discrimination.
>
> GROUND TEN: Impeachable Offenses Committed

GROUND ELEVEN: Wrongful, Alluding and Falsification of Conviction and Sentencing.

GROUND TWELVE: Improper and Fraudulent Defense.

GROUND THIRTEEN: Structural Errors

GROUND FOURTEEN: Impeachable Offenses Committed

GROUND FIFTEEN: Manifestly Excessive Sentencing.

(Doc. 1 at 5-34 (typographical errors in original).)

In response, Respondent contends the AEDPA's statute of limitations, procedural default, and lack of cognizability require dismissal of the petition. (*See* Doc. 13.) On April 22, 2026, in the 29-page R&R, the magistrate judge concluded Grounds One through Five and Eight through Fifteen are untimely under the AEDPA. (*See* Doc. 21.) Separately, Grounds Six and Seven are procedurally defaulted. (*Id.*)

Lewis did not timely submit objections but later moved the Court to accept his untimely submission. (Doc. 23.) The Court granted the motion. (Non-Document Order dated May 20, 2026.) Respondent opposed the submission with meritless attacks against the magistrate judge rather than any genuine or specific objection to the R&R. (Doc. 24 at 730.)

## II. STANDARD OF REVIEW

### A. 28 U.S.C. § 636(b)(1)(C)

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which the objection is made." 28 U.S.C. § 636(b)(1)(C); *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, 1994 U.S. App. LEXIS 27813, at *3 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo

review by the district court in light of specific objections filed by any party.") (citations omitted); *see also* FED. R. CIV. P. 72(b)(3).

"An objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before" is not considered a proper objection for the district court's *de novo* review. *Woodson v. Ohio*, No. 19-cv-0339, 2022 WL 842240, 2022 U.S. Dist. LEXIS 51388, at *3 (N.D. Ohio Mar. 22, 2022) (quoting *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004)); *see also* LR 72.3(b) ("written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). "The filing of vague, general, or conclusory objections [to a magistrate judge's report and recommendation] does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). And unlike specific objections that mandate *de novo* review, general objections result in clear error review. *EEOC v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018).

### B. AEDPA

A court's *de novo* review in the habeas context must still apply the deferential standard set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

The "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, 571 U.S. 12, 19, 134 S. Ct. 10, 187 L. Ed. 2d 348 (2013). "The Supreme Court has regularly 'reminded' courts that this text adopts a 'difficult to meet' test." *Fields v. Jordan*, 86 F.4th 218, 231 (6th Cir. 2023) (quoting *White v. Woodall*, 572 U.S. 415, 419, 134 S. Ct. 1697, 188 L. Ed. 2d 698 (2014)). The "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010) (quotations and citations omitted). This deferential review standard was intentional. *Harrington v. Richter*, 562 U.S. 86, 102-03, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011).

In assessing the first exception, "a decision of the state court is 'contrary to' clearly established federal law 'if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'" *Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). An "'unreasonable application' occurs when 'the state court identifies the correct legal principle from [the Supreme] Court's decision but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* Federal habeas courts do not have the authority to find state court adjudications unreasonable "simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.*

In assessing the second exception, federal courts are required to "presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Schriro v. Landrigan*, 550 U.S. 465, 473-74, 127 S. Ct. 1933, 167 L. Ed. 2d 836 (2007) (quoting 28 U.S.C. § 2254(e)(1)).

At bottom, the deferential review standard does not ask "whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Id.* at 473 (citing *Williams*, 529 U.S. at 410). Thus, the petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. Habeas proceedings are meant to "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (quotations and citations omitted).

## III. ANALYSIS

Lewis' response to the R&R is largely incoherent, presents unfounded ad hominem attacks,[3] and fails to engage in any specific way with the R&R's detailed analysis. (*See* Doc. 23.) What is more, when Lewis does cite to pages or arguments, he is merely reasserting statements previously offered in his petition and traverse, but now with a citation to the R&R. *See Woodson*, 2022 WL 842240, 2022 U.S. Dist. LEXIS 51388, at *3 (objections that restate arguments presented do not get *de novo* review) (quoting *Aldrich*, 327 F. Supp. 2d at 747). Even applying the most liberal reading of Lewis' submissions as a *pro se* litigant, the Court cannot

[3] Lewis' baseless, ad hominem attacks on the magistrate judge have no place in federal proceedings, let alone present a proper objection to the R&R. The Court will not repeat Lewis' accusations but will and does recognize the magistrate judge for her thorough, well-reasoned, and neutral R&R.

discern how his most recent filing engages with the R&R's factual determinations or legal conclusions, let alone offers clear and proper objections warranting *de novo* review. *Aldrich*, 327 F. Supp. 2d at 747. With no specific objections stated, Lewis has waived his right to *de novo* review and the Court need only review the R&R for clear error. *Dolgencorp, LLC*, 277 F. Supp. 3d at 965. Notwithstanding, the Court addresses certain arguments restated in his responsive filing.

**A. Statute of Limitations**

As correctly stated in the R&R, individuals in custody pursuant to a state court judgment have one year from the latest of the following possible dates to apply for a federal writ of habeas corpus:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Lewis asserted timeliness under sections 2244(d)(1)(B) and (C), not (A) or (D). (Doc. 1 at 13-15; Doc. 14 at 545.) Nonetheless, the magistrate judge considered all four provisions in the R&R. (Doc. 21 at 656-63.) Based on the petition itself, the R&R correctly concluded that challenges to the 2018 convictions were to be filed on or before September 22, 2019. (*Id.* at 657; Doc. 13-1 at 271, 312, 434.) Inexplicably, Lewis did not file the petition until nearly four years

after the time for doing so had passed. (Doc. 1.) Lewis cannot, even by his own acknowledgements of the applicable timeline, demonstrate timeliness under subsection (A).

Moving now to subsections (B) and (C). Subsection (B) offers relief when an impediment to timely filing is sufficiently demonstrated. While the petition, traverse, and objections say much about the state's alleged nefarious intent to prevent him from timely pursuing his federal habeas petition, this Court agrees with the R&R's conclusions that the allegations are insufficient to extend the statute of limitations under this subsection. (Doc. 21 at 658-61.) Lewis' attempt to rely on subsection (C) similarly fails because he did not assert, and the magistrate judge could not find, a right "newly recognized by the Supreme Court" that was made retroactive to this case. (*Id.* 661-62.)

Although Lewis did not raise subsection (D) as a basis to find timeliness, the magistrate judge did. (*Id.* at 662-63.) Relying on *Sexton v. Wainwright*, 968 F.3d 607, 613 (2020), the magistrate judge credited Lewis' general allegations regarding misrepresentations and state court filings/entries specific to his motions for leave to file a delayed appeal. (*Id.*) In doing so, the magistrate judge concluded Grounds 6 and 7 may have been timely filed.[4] (*Id.* at 663.) Thus, she moved to procedural default.

**B. Procedural Default**

To be cognizable on habeas review, a claim must be fairly presented to the highest state court through that court's "'ordinary appellate review procedure[.]'" *See Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999)). Fair presentation requires the petitioner to show he raised his

---

[4] The R&R also correctly concluded Lewis failed to demonstrate he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) or equitable tolling to extend the statute of limitations for Grounds One through Five and Eight through Fifteen. (*See* Doc. 21 at 663-68.)

constitutional claims before the trial court, court of appeals, and Ohio Supreme Court on direct review. *Williams*, 460 F.3d at 806. Meaning, the same claims (factually and legally) must have been presented to the state courts as federal constitutional issues. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). This concept is commonly called exhaustion. *See Williams*, 460 F.3d at 806. Procedural default, however, is a separate bar to review that applies when the "remedies are no longer available" at the time of the federal habeas petition. *Id.* (citing *Engle v. Isaac*, 456 U.S. 107, 125 n.28, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982)).

The R&R correctly laid out the two ways procedural default occurs: failure to comply with state procedural rules in presenting [] claims to the appropriate state court;" or failure to raise a claim in state court and then pursuing that claim through the state's ordinary appellate review procedures. (*See* Doc. 21 at 669-70.) Claims not fairly presented to the state courts are procedurally defaulted, unless a petitioner can establish (1) cause and prejudice to excuse the procedural defaults or (2) that a fundamental miscarriage of justice will occur if the claims are not considered. *Coleman v. Thompson*, 501 U.S. 722, 750, 11 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). Having reviewed the R&R and the record below, the R&R correctly determined that Grounds 6 and 7 were subject to procedural default and Lewis had not demonstrated – as he must – that cause and prejudice excused the defaults or a fundamental miscarriage of justice would result if these grounds for relief are dismissed. (*See* Doc. 21 at 670-73.) Not only did Lewis fail to present evidence to support why procedural default is not a bar to these grounds for relief, but his factual allegations and state court record run contrary to such a finding. (*Id.*) It is undisputed that Lewis waited five years after sentencing on the 2018 convictions and four years after the expiration of the AEDPA statute of limitations to present his grounds for relief in federal court.

## IV. CONCLUSION

For all of these reasons, the Court does not find clear error with the R&R. Petitioner's

purported objections are OVERRULED. Having reviewed the R&R, and finding it is supported by the record and legal authorities cited therein, the Court ACCEPTS and ADOPTS the R&R in its entirety. Grounds One through Five and Eight through Fifteen are barred by the AEDPA statute of limitations, and Grounds Six and Seven are procedurally defaulted. The petition is hereby DISMISSED. The Court further CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. There is also no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

**IT IS SO ORDERED.**

**Date:** August 24, 2026

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE